


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 4:11-cr-00020-A |
| SHAWN DANIEL SERFASS | § § | |

### DEFENDANT SHAWN DANIEL SERFASS' MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM

NOW COMES Defendant SHAWN DANIEL SERFASS ("Mr. Serfass") and asks the Court for a Downward Variance and supplies this Sentencing Memorandum in support. In doing so, Mr. Serfass asks the Court to consider a below-guideline sentence based on the factors in this Motion.

### II. SENTENCING AFTER UNITED STATES v. BOOKER AND RITA v. UNITED STATES

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that *Blakely v. Washington*, 542 U.S. 296 (2004) applied to the federal sentencing guidelines, and that the Sixth Amendment's jury trial guarantee prevented judges from finding facts that exposed a defendant to increased prison time. *Id.* at 244. As a remedy, a different majority of the Court excised the provision of the Sentencing Reform Act that made the guidelines mandatory, 18 U.S.C. § 3553(b). *Id.* The remedial majority held that district courts must still consider the guideline range, but they must also consider the other directives set forth in § 3553(a). *Id.* *Booker* held that "the Act [Sentencing Reform Act, 18 U.S.C.S. § 3551 *et seq.*] continues to provide for appeals from sentencing decisions" and that sentences imposed by district courts must be reasonable given the factors set forth in the Act." *Id.* at 260-61.

Section 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Parts of Section 3553(a) further directs sentencing courts to consider, among other things, (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the kinds of sentences available; (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

While district courts must in all cases "consider" the guideline range, the guidelines do not subordinate the other factors in § 3553(a). Rather, it is the provision that serves as "the guidepost for sentencing decisions post-*Booker*. *See United States v. Ferguson*, 456 F. 3d 660, 667 (6th Cir. 2006). The Supreme Court has held that a guideline sentence may, on appeal, be presumed reasonable. But that presumption "applies only on appellate review." *Rita v. United States*, 127 S. Ct. 2456, 168 L. Ed. 2 203, 214 (2007). The sentencing court however, "does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita*, 168 L. Ed. 2 at 214. Instead, the sentencing court, after determining the guideline range, may decide that the guideline sentence:

2

should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply, U.S.S.G. § 5K2.0, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless. *See* Rule 32(f). Thus, the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure.

*Id.* at 214. The *Rita* court was also careful to note that, although the courts of appeal may presume reasonable a within-guideline sentence, they may *not* presume a non-guideline sentence to be unreasonable. *Id.* at 216.

Thus, while *Rita* spoke primarily to those courts of appeal who presumed reasonable a guideline sentence, it also assured district courts that the guidelines are truly advisory. The Court affirmed the broad sentencing discretion district judges possess under *Booker* and stated that they may impose non-guideline sentences by departing or applying § 3553(a).

### III. GALL AND INDIVIDUAL SENTENCING FOR MR. SERFASS

In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court made it clear" that the abuse of discretion standard applies to appellate review of all sentencing decisions, 552 U.S. at 41, 46, that the guidelines are not mandatory and the "range of choice dictated by the facts of the case is significantly broadened." Id. at 59. While the extent of the difference between a particular sentence and the recommended guideline is relevant, all sentences are subject to the same deferential abuse of discretion standard of review. Id. at 41, 47. The Court explicitly rejected any mathematical formula and any requirement of "extraordinary circumstances" to justify a sentence outside the Guidelines range. Id. at 47-49.

Mr. Serfass argues that *Gall* directs the Court to sentence reasonably. Under *Gall*, the sentencing court must begin all sentencing proceedings by correctly calculating the applicable

3

Guidelines range, using the Guidelines as the "starting point" and "initial benchmark. 552 U.S. at 49. Further, under *Gall*, the Guidelines, however, "are not the only consideration." *Id.* The court must give the parties "the opportunity to argue for whatever sentence they deem appropriate," and "consider all of the 3553(a) factors to determine whether they support the sentence requested. In doing so, the court "may not presume that the Guidelines range is reasonable," and must make an "individualized assessment based on the facts presented." Id. at 50-52. See also *Nelson v. United States*, 129 S.Ct. 890 (2009).

If the court decides that a sentence outside the Guidelines is warranted, the court must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance." *Gall*, 552 U.S. at 50. The court must adequately explain the sentence to allow for meaningful appellate review and to "promote the perception of fair sentencing." Id.

This court is uniquely qualified to determine the appropriate sentence of Mr. Serfass' case. *Gall*, 552 U.S. at 50. The Court, therefore, is requested to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensure." *Gall* (quoting Koon, 518 U.S. at 113). 552 U.S. at 52. Turning to the individual factors in this case, the Court can look at include Mr. Serfass' relative youth and his withdrawal from criminal conduct. Also, the Court is urged to consider Mr. Serfass' voluntary rehabilitation and drug treatment, which clearly reduces the likelihood of recidivism.

## II. APPLYING THE FACTORS OF 18 U.S.C. § 3553 (a) TO Mr. Serfass

### A. The Nature and Circumstances of the Offense

Mr. Serfass recognizes the severity of his offense and feels deep remorse for his conduct; he

does not waiver in his acceptance of responsibility for this offense. In fact, the Government obviously agrees in filing for the third acceptance point. Mr. Serfass does ask the Court to consider his background and the circumstances surrounding him when he committed this offense, not as an excuse for that conduct, but to provide insight in how he ended up before the Court in this matter.

Mr. Serfass is remorseful for his drug crime. He asks that the Court consider the nature and circumstances of this offense and grant a below-guideline sentence.

### B. Mr. Serfass's Nature and Characteristics

In determining a sentence that is sufficient, but not greater than necessary, the Court is to consider "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

These facts show that Mr. Serfass's nature and characteristics are such that the Court can grant below-guideline sentence.

### 1. How this applies to our case.

As argued below, Mr. Serfass' circumstances are those that would be considered mitigating and not taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence other than that described. *See* 18 U.S.C. §3553(b)(1). It is precisely because Mr. Serfass falls into the grey area of sentencing law, that the Court is asked to take a look into Shawn's unique characteristics and institute individual sentencing for him.

Following his arrest, Mr. Serfass voluntarily went through drug treatment before he was arraigned on this case. *See* Exhibit A, Drug Treatment Certificate. Drug treatment prior to sentencing is not provided for in the guidelines. So, this is one major area that the Court can look at before sentencing Mr. Serfass and use to give Mr. Serfass a below guideline sentence. Further, as described more completely in Section IV(a) below, Mr. Serfass has given assistance to the police.

This is yet another area not directly covered by the Guidelines. Therefore, under §3553, the Court can sentence Mr. Serfass below the Guideline range.

## C. The Need for the Sentence Imposed

### 1. A Lower Sentence will Satisfy the Goals of Sentencing

A sentence below the recommended guideline range will still reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Mr. Serfass's punishment in this matter involves more than just imprisonment. Mr. Serfass feels great remorse over his involvement in the drugs, his wife having to care for the family without his support, and the trouble he has caused the police and his family because of this case.

### 2. To Afford Adequate Deterrence to Criminal Conduct

A sentence below the recommended guideline range will provide adequate deterrence to future criminal conduct by Mr. Serfass. Any term of imprisonment will provide sufficient deterrence to Mr. Serfass. Further, Mr. Serfass has a large support-group who, as shown above, will help him succeed when released from prison in this matter.

### 3. To Protect the Public from Further Crimes by Mr. Serfass

A Guideline sentence of 188-235 months is not necessary to protect the public from future crimes by Mr. Serfass. In fact a sentence of under 5 years will satisfy the needs of the community and will provide adequate punishment. As explained in the PSR, he now has taken steps to treat his drug problem *See See* PSR ¶70 and Exhibit A and B, attached, documents from Tarrant County MHMR regarding Shawn's drug treatment and counseling.

In addition, Shawn has gone above and beyond the norm to stabilize his family life. After his arrest on this offense, and while on pre-trial release, Shawn took part in services offered by the

Texas Department of Family and Protective Services ("CPS") regarding CPS' concerns about his parenting ability following this arrest. *See* PSR ¶58 and Exhibit C, written proof that he has satisfied CPS's concerns regarding his ability to care for his children.

Shawn is also employable. As correctly stated in the PSR, Shawn has had good jobs in the past, and actually held down a full-time job while on pre-trial release. *See* PSR ¶72-81. These facts show that Shawn has had a good job with Think Cash with responsibility and other jobs. If we look closely at these facts, the reason he left Think Cash, was to care for his newborn child. Further, Shawn served in the United States Marine Corp. *See* PSR ¶82, 83.

Mr. Serfass is also continuing his rehabilitative efforts following his incarceration by the Court after his plea. He is actively seeking psychological counseling and treatment for the issues that led to his use of drugs while in jail, and its working. *See* PSR ¶62, 70; *See also* Exhibit A and B, attached.

Further, Shawn is remorseful for his behavior, and has the support of his family to keep clean. As such, Mr. Serfass does not present a risk of recidivism, such that a sentence of less than 60 months will be clearly sufficient.

### 4. To Provide Mr. Serfass with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Unlike many other defendants, Mr. Serfass can be rehabilitated and has proven his efforts in this regard to the Court:

a.  Mr. Serfass has vocational skills that he can use to make a living when he is released from custody. He has computer skills, collection skills, and has proven that he can stay gainfully employed. *See* PSR ¶72-81.

b. Mr. Serfass has some higher education under his belt. *See* PSR ¶ 72, 73.

c. Further, Mr. Serfass no longer has a substance abuse problem, nor does he need other ongoing medical care. Shawn has taken it upon himself to get off the dope, and the Court should note that he did so while on pre-trial-release on his very offense! *See* PSR ¶ 62, 70, and Exhibit A and B, attached.

Therefore, the above cited facts Clearly support the Court rendering a below-guideline sentence in this case.

Additionally, the Guidelines produce unwarranted sentencing disparities between defendants who can participate in a fast-track program and receive a below-guideline sentence as a result, and defendants who cannot participate in the program because it is not offered in the jurisdiction where they are prosecuted. The Fifth Circuit has held that "any sentencing disparity resulting from fast track disposition is not unwarranted." *United States v. Duarte,* 569 F.3d 528 (5th Cir. 2009).

However, a circuit split has developed on this issue, in which some circuits are allowing a below-guideline sentence on this basis. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1239 (11th Cir. 2008) (holding as the Fifth Circuit); *United States v. Gonzalez-Zotelo,* 556 F.3d 736, 739-41 (9th Cir. 2009) (same). In contrast, the First, Third and Sixth Circuits have reached the opposite conclusion. *See United States v. Rodriguez,* 527 F.3d 221, 229 (1st Cir. 2008) (following *Kimbrough,* "consideration of fast-track disparity is not categorically barred as a sentence-evaluating datum within the overall ambit of 18 U.S.C. § 3553(a)"); *United States v. Arrelucea-Zamudio,* 581 F.3d 142, 150-51 (3d Cir. 2009) (stating that "the PROTECT Act contains no express congressional fast-track directive that would constrain a sentencing judge's discretion to vary from the Guidelines," and if Congress wanted to limit this discretion, "it has the power to amend the pertinent statute ...

[but] has not done so here"); *United States v. Camacho-Arellano*, 614 F.3d 244, 250 (6th Cir. 2010) (that sentencing judges may vary from the guidelines based on policy disagreements-"is not limited to the crack/powder cocaine context.").

### IV. A Below-Guideline Sentence Based on the Totality of the Circumstances is Appropriate

Finally, should the Court find that the mitigating circumstances of this case presented individually are not sufficient to warrant a lower sentence, a sentence reduction is also permitted pursuant to U.S.S.G. § 5K2.0 based on the combination of factors presented herein. The Guidelines state:

> The Commission does not foreclose the possibility of an extraordinary case that because of a *combination* of such characteristics or circumstances, differs significantly from the "heartland" cases covered by the guidelines in a way that is important to the statutory purposes of sentencing, even though none of the characteristics or circumstances individually distinguishes the case.

U.S.S.G. § 5K2.0, comment. (emphasis added).

A variance would also be appropriate based on the totality of the circumstances presented in this Motion.

In *United States v. Jones*, 158 F.3d 492, 499 (10th Cir. 1998), the district court departed from a sentencing range of 12 to 18 months, to a sentence of six months home confinement and three years probation. The departure was based on the totality of circumstances, including "collateral employment consequences, aberrant nature of the offense conduct, community service, support in the community" among other things. *Id.* at 504. The Tenth Circuit upheld the departure, holding that "the district court did not abuse its discretion when it found the circumstances of this case atypical. The permissible departure factors available to the district court, in the aggregate, provided

a proper basis for departure." *Id.* at 505. *See also, United States v. Broderson*, 67 F.3d 452, 458 (2nd Cir. 1995) (downward departure allowed where factors which individually would not warrant a downward departure were combined, and the court concluded that this "confluence of circumstances" had not been taken into account by the Guidelines).

## Reduction in Level

Mr. Serfass can reduce her offense level by in three ways: (1) through acceptance of responsibility; (2) through the safety valve if applicable (in a drug case); and (3) through assitance to the United States Government.

### 1. Acceptance of Responsibility - 3 Points

Mr. Serfass only needed to admit the elements of the offense of conviction and demonstrate remorse to be eligible for the two-level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a). The extra level off is controlled by the Government. U.S.S.G. § 3E1.1(b), who has filed a document reflecting the fact that Mr. Serfass should get the additional one-point reduction.

Mr. Serfass, therefore, should receive the full benefit of his guilty plea.

### A. Substantial Assistance

Mr. Serfass should be given a below-guideline sentence for the help he has provided the police since his arrest. A defendant may receive a sentence below a mandatory minimum and below the Guidelines if he offers substantial assistance" in the investigation or prosecution of a crime. 18 U.S.C. § 3553(e); 28 U.S.C. § 994(n); USSG § 5K1.1. Generally, substantial assistance is granted at sentencing but may be rewarded later pursuant to Fed. R. Crim. P. 35. The application of section 5K1.1, and its statutory companion, 18 U.S.C. § 3553(e), is predicated upon the filing of a motion

by the government. *Wade v. United States*, 504 U.S. 181 (1992). *See also Melendez v. United States*, 513 U.S. 120 (1996); *United States v. Deselle*, 450 F.3d 179 (5th Cir. 2006) (court cannot sua sponte depart under USSG § 5K1.1 even after *Booker*); but see *United States v. Fernandez*, 443 F.3d 19, 33-34 & n.10 (2d Cir. 2006) (cooperation bears on factors set forth in 18 U.S.C. § 3553(a)).

**1. Substantial Assistance was provided.**

Mr. Serfass clearly qualifies for a lower sentence because he provided the DEA and maybe even local police with information that they need to investigate, arrest, and prosecute other criminals. Specifically Mr. Serfass provided detailed information regarding the felony possession of Firearms by a convicted felon and stolen vehicles to Task Force officers Luna and Brown. This information included details of the insides of a house and a building, security camera locations, and descriptions and locations of guns. These are critical information that the SWAT team would need to know in executing a search warrant for purposes officer safety. Further, the information Mr. Serfass provided included information on a dangerous criminal street gang known as the Aryan Brotherhood.

It is important to note that Mr. Serfass did not provide this assistance to law enforcement because of a plea bargain or some kind of deal with the government. Instead, Mr. Serfass voluntarily assisted the police in investigating crime. The police needed this help, and Mr. Serfass voluntarily gave it to them.

### V. Conclusion

The Court is asked to a sentence Mr. Serfass below the Guideline range.

WHEREFORE, PREMISES CONSIDERED, Mr. Serfass prays that the Court grant a below-guideline sentence, and for all other relief to which the Court deems him entitled.

Respectfully submitted,

_____
Anthony Green
Texas Bar No. 24043702
933 W. Weatherford St., Suite 201
Fort Worth, TX 76102
(817) 332-3803 tel.
(817) 332-3801 fax

Certificate of Service:

On ___06-17-2011___, a copy of the foregoing was delivered to the following by 1st Class U.S. Mail.

_____
Anthony Green

AUSA Brett Helmer
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102-6897

USPO Staci Bradford
401 W. 10th St.
Fort Worth, TX 76102



*Mental Health Mental Retardation of Tarrant County*
**ADDICTION SERVICES**

# COMMUNITY ADDICTION TREATMENT SERVICES
# (CATS)

## CERTIFICATE OF COMPLETION

### Shawn Serfass

**From: March 16, 2011     To: April 07, 2011**

_Linda King, BS, LCDC_  4-7-11
*Counselor*



EXHIBIT A



**Mental Health
Mental Retardation
of Tarrant County**

April 7, 2011

To Whom It May Concern;

Shawn Serfass has successfully completed intensive outpatient treatment at MHMRTC CATS Addictions Services program. Mr. Serfass has had excellent attendance and fully participates in group sessions. Mr. Serfass has been active in addressing needs in specific life areas such as sober support, parenting skills, and financial resources for his wife and child.

Mr. Serfass was able to describe many ways that substance use has negatively impacted his life. Client processed in individual session how empty his lifestyle was and even though he wanted to get out of it, he didn't know what steps to take. Client stated he now understands and has accepted help in finding his real purpose in life. Client stated that the other men in his group have been supportive more than he could have imagined. Client stated he has been able to show true emotion and express his fears in group without the fear of being judged. Client stated that his group sessions have been a positive impact in his life and has made him want to be a better man. Client's attendance has been good. Client has been under a lot of stress and appears to be using the tools he has gained in treatment to deal with issues he now faces in his life. Client appears to be an excellent father and has bonded with his son in a manner that benefits not only his son but himself as well.

Client was oriented 3X and was able to maintain good train of thought and eye contact. Client was able to show sadness when talking about leaving his son during his upcoming incarceration. Client's attitude was good and it appears he is using healthy coping skills he has learned in group sessions to deal with this current life stressors. Client stated that he is looking forward being back with his wife and having his family back together. Client appears to be realistic about his sentencing for federal prison time. Stage of change is action.

Sincerely,

*(signature)*, B.S. LCDC

Linda King, B.S., L.C.D.C.
Clinical Supervisor
MHMR of Tarrant County Addictions Services
817-569-5363

Addiction Services
P.O. Box 2603 • Fort Worth, TX 76113 • 3840 Hulen St. • Hulen Tower North • Fort Worth, TX 76
817-569-4300 • FAX 817-569-4496 • www.mhmrtc.org



EXHIBIT B

Clinical Management for Behavioral Health Services (CMBHS)
## Progress Note

| | | | | | |
|---|---|---|---|---|---|
| Organization: | Mental Health Mental Retardation of Tarrant County | Client Name: | Serfass, Shawn Daniel | Gender: | Male |
| | | Client Number: | 800187 | Date of Birth: | 11/21/1984 |
| Location: | CATS - 103760 | Local Case Number: | 001167516 | | |

**Progress Note**  NTS027

### Note Detail

| | |
|---|---|
| Progress Note Number | 13968863 |
| Version | 1 |
| Progress Note Type | Counseling |
| Performed By | King, Linda LCDC |
| Contact Type | Face to face |
| Service Location | Office/Clinic |
| Service Date | 03/31/2011 |
| Start Time | 01:00 PM |
| End Time | 02:00 PM |
| Duration | 01:00 |

### Substance Abuse

Has the client received any Substance Abuse treatment services? No

Service Type

Number of contacts with client

Time spent with Client (Including Travel)

| Service Type | Number of contacts with clients | Time Spent with Client (Including Travel) |
|---|---|---|
| No records found | | |

| | |
|---|---|
| Show only open services | Yes |
| Service Type | Outpatient |
| Billable | Yes |

Service Description

H2035HB - Individual Counseling

| | |
|---|---|
| Service Units | 1 |
| Billing Unit | Hour |

Objectives

- Client will be able to describe two ways that tobacco is negative to his health and his life and two strategies available to him if he chooses to stop using the chemical substance and discuss by time of his second individual session.
- Client will be able to verbalize three aspects of his personality and behavior that interfere in his being able to maintain sobriety and the manner in which he can change them by time of his second individual session.
- Client will gain understanding of the importance of involving other people in his recovery and verbalize by time of second individual session;

Topics Addressed (Required For Group Notes)

Session Narrative: Client will complete continuing care plan during discharge session. Client has been active in addressing needs in specific life areas such as sober support, parenting skills, and financial resources for his wife and child. Client was able to describe two ways that tobacco use has negatively impacted his life. Client has shown concern that he wouldn't be a good role model for his son if he continues using tobacco and the negative impact on his personal health. Client stated at this time he is not willing to attempt to discontinue his use of tobacco but has put it on his "to do" list. Client processed in individual session how empty his lifestyle was and even though he wanted to get out of it, he didn't know what steps to take. Client stated he now understands and has accepted help in finding his real purpose in life. Client stated that the other men in his group have been supportive more than he could have imagined. Client stated he has been able to show true emotion and express his fears in group without the fear of being judged. Client stated that his group sessions have been a positive impact in his life and has made him want to be a better man. Client's attendance has been good. Client has been under a lot of stress and appears to be using the tools he has

Clinical Management for Behavioral Health Services (CMBHS)
## Progress Note

| | | |
|---|---|---|
| Organization: Mental Health Mental Retardation of Tarrant County | Client Name: Serfass, Shawn Daniel | Gender: Male |
| Location: CATS - 103760 | Client Number: 800187 | Date of Birth: 11/21/1984 |
| | Local Case Number: 001167516 | |

gained in treatment to deal with issues he now faces in his life. Client appears to be an excellent father and has bonded with his son in a manner that benefits not only his son but himself as well.

Client was oriented 3X and was able to maintain good train of thought and eye contact. Client was able to show sadness when talking about leaving his son during his upcoming incarceration. Client's attitude was good and it appears he is using healthy coping skills he has learned in group sessions to deal with this current life stressors. Client stated that he is looking forward being back with his wife and having his family back together. Client appears to be realistic about his sentencing for federal prison time. Stage of change is action.

### Document Status
| | |
|---|---|
| Document Status | Closed Complete |
| Document Status Date | 04/01/2011 |

### Audit Information
| | |
|---|---|
| Created By | King, Linda LCDC |
| Created Date | 04/01/2011 |
| Last Saved By | King, Linda LCDC |
| Last Saved Date | 04/01/2011 |
| Approved By | King, Linda LCDC |
| Approved Date | 04/01/2011 |
| Age Type | Adult |

## MHMR of Tarrant County – CATS
1518 E. Lancaster St. Ste. B / Fort Worth, TX 76102
Phone: 817-569-5360 / Fax: 817-569-5377

*24 groups.*
*3 ind. session*

Client: **Shawn Seyass**

CPS/Parole: _____ Unit/Referral _____ Phone: _____

Probation: _____ FAX: _____

**TREATMENT CLINIC – LOC: MHMR-CATS**   **OUTPATIENT MODALITY: SOP/IOP**

TREATMENT COUNSELOR: *Linda King*   INTAKE DATE: 3/16/11

GROUPS: (counselor, please circle appropriate group)

| Group | Time | Days |
|---|---|---|
| Women's Group | 10a – 12p or 2:30p-4:30p | Monday Tuesday Wednesday Thursday Friday |
| **(Supportive OP)** | **2:30p – 4:30p** | **Monday Tuesday Wednesday Thursday Friday** |
| Meth Group | 5:30p – 7:30p | Monday Tuesday Wednesday Thursday |
| Supportive OP | 5:30p – 7:30p | Monday Tuesday Thursday |
| Family Group | 5:30p – 7:30p | Tuesday |
| Relapse Prevention | 5:30p – 7:30p | Wednesday |
| Couples Group | 5:30p – 7:30p | Thursday |

| DATE | CLIENTS SIGNATURE | GROUP | IND. | N/S |
|---|---|---|---|---|
| 3/16/11 | Intake | ✓ | ✓ | |
| 3-16-11 | Linda K. | ✓ | | |
| 3-17-11 | Linda K. | ✓ | | |
| 3-22-11 | Linda K. | ✓ | | |
| 3-28-11 | Linda K. | ✓ | | |
| 3/28/11 | D. Mumford | ✓ | | |
| 3-30-11 | Linda K. | ✓ | | |
| 3-31-11 | Linda K. | ✓ | | |
| 4-4-11 | Linda K. | ✓ | ✓ Linda K. | |
| 4-5-11 | Linda K. | ✓ | | |
| 4-6-11 | Linda K. | ✓ | | |
| 4-7-11 | Linda K. | ✓ | | |



**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

**COMMISSIONER**
Carey D. Cockerell

January 27, 2011


Mr. Shawn Serfass
4808 WELLESLEY AVE APT C
FORT WORTH TX 76107

Shawn Serfass:

This letter is to notify you that your Family Based Safety Services case with Child Protective Services will be closed by or no later than January 27, 2011.  Please be aware that it is our expectation that you continue to ensure the safety of your child along with ensuring all medical, dental, physical, psychological and emotional needs are met.  This involves ensuring that your child is provided with a safe and stable environment at all times.  Please continue to utilize the skills and resources that we discussed and practiced during the course of your case.  It is my hope that these tools will assist you in helping you be the best parent you can be.

During our work together, I saw your family make the following improvements
Achievements:
Completed Psychological Evaluation
Completed Parenting Skills Classes
Substance Abuse Assessment


I appreciate your cooperation with the agency during your case, and I have enjoyed the opportunity to work with you and your family for the last few months.  If you have any questions regarding the case, please do not hesitate to contact me during normal business hours at (817)605-4692.

Sincerely,
Marshalee Stoddart-Jackson
5117 Watauga Road
Watauga, TX  76137
(817)605-4692

cc:  Case file



EXHIBIT C

701 W. 51ST ST. ♦ P.O. BOX 149030 ♦ AUSTIN, TEXAS 78714-9030 ♦ (512) 438-4800